# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| MIKAYLA LUZECKY, | * | |
| | * | No. 19-254V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 16, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Entitlement, dismissal, disseminated |
| AND HUMAN SERVICES, | * | varicella vaccine-strain viral disease |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

Robert J. Binstock, Reich & Binstock LLP, Houston, TX, for petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Mikayla Luzecky alleged a Table claim that a varicella vaccination she received on August 23, 2011, caused her to develop (1) disseminated varicella vaccine-strain viral disease and (2) vaccination cerebellitis. Pet., filed Feb. 14, 2019, Preamble. On September 8, 2020, Ms. Luzecky moved for a decision dismissing her petition. This motion is granted and her petition is dismissed.

### I.  Procedural History

Ms. Luzecky filed a petition with some medical records. Ms. Luzecky alleged that she received the varicella vaccination on August 23, 2011. Pet. ¶ 2. She further alleged that she developed fatigue and leg weakness "within weeks" of

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

the vaccination.  Id. ¶ 4.  She sought compensation for an on-Table condition, which the petition labels as "post-vaccination syndrome and vaccination cerebellitis."  Id. at preamble.  She also more directly asserted that she "suffers from disseminated varicella vaccine-strain viral disease."  Id. ¶ 23.

During an initial status conference, Ms. Luzecky was ordered to provide additional medical records and advised that establishing her diagnosis of disseminated varicella vaccine-strain viral disease would be a key issue.  See 42 C.F.R. § 100.3(c)(11).  Order, issued Mar. 21, 2019.  On May 7, 2019, Ms. Luzecky submitted her remaining medical records and a statement of completion.

On June 14, 2019, the Secretary filed his Rule 4 report opposing compensation and concurrently moved to dismiss the case.  In his report, the Secretary argued that Ms. Luzecky had not established a diagnosis of disseminated varicella vaccine-strain viral disease.  Resp't's Rep. at 9-13.  Because Ms. Luzecky could not establish the diagnosis listed on the Table, the Secretary asserted that Ms. Luzecky could not take advantage of the look-back provision that would allow her petition to be considered as timely filed as opposed to being barred by the standard three-year statute of limitations.  Id.

After correcting some filing formalities, Ms. Luzecky filed a response to the Secretary's motion to dismiss arguing that she did satisfy the definition of disseminated varicella vaccine-strain viral disease.  Pet'r's Resp., filed Sept. 27, 2019, at 2-6.  The Secretary filed a reply.  Resp't's Reply, filed Sept. 16, 2019.[2]

On October 28, 2019, the undersigned denied the Secretary's motion to dismiss.  Because all facts and reasonable inferences are drawn in favor of Ms. Luzecky for a motion to dismiss, the undersigned found that Ms. Luzecky had identified enough facts in the medical records, when construed in her favor, to support the diagnosis of disseminated varicella vaccine-strain viral disease.  Looking forward, the undersigned noted that the current evidence would not be sufficient for a ruling in Ms. Luzecky's favor on entitlement.  The undersigned encouraged Ms. Luzecky to obtain a supportive expert opinion and issued instructions to guide a report.

On December 26, 2019, Ms. Luzecky identified her expert as Dr. Nizar Souayah and requested additional time to file a report.  Ms. Luzecky was granted

---

[2] The Secretary filed a reply after one of Ms. Luzecky's earlier responses that was substantively the same as her final response.  The Secretary was afforded the opportunity to file an amended reply after Ms. Luzkecy's final response, but he did not do so.  Order, issued Sept. 16, 2019.

additional time to file an expert report.  After receiving additional time, Ms. Luzecky requested more time for Dr. Souayah to complete a report and stated that she would be retaining another expert to support her claim.  Pet'r's Mot., filed Mar. 13, 2020.  Ms. Luzecky was granted additional time.  After failing to submit an expert report by the due date or move for an extension of time, Ms. Luzecky was ordered to advise whether she would be filing an expert report from Dr. Souayah.  Order, issued May 20, 2020.

On May 29, 2020, Ms. Luzkecy's counsel, Robert Binstock, moved for leave to withdraw.  Mr. Binstock was ordered to file an affidavit in support of the motion to withdraw.  Order, issued June 2, 2020.

On June 30, 2020, the Secretary moved for an order to show cause.  The Secretary argued that Ms. Luzecky could not establish her diagnosis and continue her case without a medical opinion.  Because Ms. Luzecky had not yet been able to submit a supportive expert report, the Secretary asserted that Ms. Luzkecy's petition should be dismissed.  Mr. Binstock filed an affidavit from Ms. Luzecky in support of his motion to withdraw.  Pet'r's Aff., filed July 2, 2020.

On July 7, 2020, the undersigned issued an order to show cause.  The undersigned noted that Ms. Luzecky was obligated to submit an expert opinion in support of her diagnosis regardless of whether Mr. Binstock continued to represent her.

On September 8, 2020, still represented by Attorney Binstock, Ms. Luzecky moved for a decision dismissing her petition.  Ms. Luzecky stated that the Secretary did not oppose the motion but reserved his right to question the good faith and reasonable basis of this claim in regard to any motion for attorneys' fees and cost.  This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine.  See 42 U.S.C. §§ 300aa—13(a)(1)(A) and 42 U.S.C. §§ 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather,

the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa—13(a)(1).

In her petition, Ms. Luzecky alleged a Table claim that a varicella vaccine caused her to develop disseminated varicella vaccine-strain viral disease. Pet. ¶ 23. However, while this allegation was sufficient to survive a motion to dismiss, Ms. Luzecky can no longer rely upon allegations. She was required to obtain an expert report. See Waterman v. Sec'y of Health & Human Servs., 123 Fed. Cl. 564, 574 (2015) (citing cases). Ms. Luzecky was on notice since the October 28, 2019 order that she needed an expert opinion to establish her diagnosis and continue her case. Ms. Luzecky was unable to retain an expert to provide an opinion. In her motion to dismiss, Ms. Luzecky conceded that "she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot., filed Sept. 8, 2020. Ms. Luzecky has not met her burden of establishing that she suffered disseminated varicella-strain viral disease.

The finding that Ms. Luzecky has not presented preponderant evidence that she suffered disseminated varicella-strain viral disease carries consequences for the statute of limitations. The Vaccine Act requires that petitions be filed no more than "36 months after the date of the occurrence of the first symptom or manifestation of onset." 42 U.S.C. § 300aa—16 (a)(2). Because Ms. Luzecky's February 14, 2019 petition was filed more than 36 months after her first symptom in 2011, she had relied on the look-back provision, 42 U.S.C. § 300aa-16(b), that allows petitions to be filed no later than two years after the effective date of a revision to the Vaccine Injury Table. The revision of the Vaccine Injury Table to include disseminated varicella vaccine-strain viral disease as an injury for the varicella vaccine was effective on March 21, 2017. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table; Delay of Effective Date, 82 Fed. Reg. 11321 (Feb. 22, 2017). But, because Ms. Luzecky has not established the prerequisite diagnosis, Ms. Luzecky cannot use the look-back provision to prevent the statute of limitations from barring her on-Table claim.

A similar analysis for any off-Table claim also results in dismissal. To the extent that Ms. Luzecky is alleging any off-Table injury, she was also required to present either a medical report or opinion. 42 U.S.C. § 300aa—13(a)(1). She has not. In addition, Ms. Luzecky has not justified her submission of any off-Table claim outside of the statute of limitations.

In light of Ms. Luzecky's concession that this case is not compensable, the absence of a supportive expert opinion, and a review of the entire record, the undersigned finds that Ms. Luzecky has not established that she is entitled to compensation.

Thus, the Motion for Decision is GRANTED, and this case is DISMISSED for two overlapping reasons: (1) the lack of support from a medical record or opinion and (2) the statute of limitations. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master